## CIRCUIT COURT OF BALTIMORE CITY.

Reported Daily Record, April 3, 1895.

EX PARTE TRUST ESTATE OF AIMEE PAGE PLEASANTS, NOW OLIVET.

*E. H. Gans, R. M. McSherry* and *L. C. Clemens* for Mr. Olivet; *William Pinkney Whyte* for Safe Deposit and Trust Company; *Wm. S. Thomas* and *C. Ross Mace* for next of kin.

DENNIS, J.—

After careful consideration of the very full and able arguments both oral and written, which have been presented in this case, I am of the opinion that the olographic will of Mrs. Olivet is not a good execution of the power under the deed of trust executed by her before marriage to the Safe Deposit and Trust Co.; but think the case fully within the principle, and governed by the rule laid down in Sugden on Powers, p. 224 *et seq.*, viz: where both instruments by which the power can be executed *are of the same nature*, the direction for execution following the last instrument mentioned, is to be read as *applying to all the preceding instruments.*

Had Mrs. Olivet's deed of trust read that the power might be executed "by *deed or will*, executed in the presence of two witnesses," the direction would be construed as applying only to the will, for the deed is an instrument of a different nature, but when the direction is for execution "by will, or instrument in the nature of a will, executed in the presence of two witnesses," both instruments are of the same nature (even if not synonymous in meaning, and merely tautological expressions, so usual in conveyancing), and under the rule laid down by Sugden the forms of execution apply to both.

This distinguishes the case from Shearman vs. Hicks, 14 Grattan, 96, so strenuously relied on by counsel for Olivet; for in that case, the language of the power was, "to nominate, by last will and testament, or power of appointment, in the presence of two witnesses." Now a "power of appointment" may be either by will, by deed, or other instrument operating *inter vivos;* hence it is not synonymous with an appointment "by will," but may be executed by an instrument of an entirely different nature, and so is not within the rule.

But in the case at bar, the power of appointment "by will, or by instrument in the nature of a will," are both of the same nature, taking effect only after the death of the donor; and so clearly within the rule laid down by Sugden. See also, Doemer vs. Thurland, 2 P. Wms. 506; Ross vs. Ener, 3 Atkyns, 5. 150, which cases are directly in point; while Schley vs. McConey, 36 Md. 272, is not, in my opinion, with all respect for the able counsel who have argued to the contrary, at all antagonistic to the rule laid down by Sugden.